IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-155-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LONNIE CLARK DUFF, | ) | |
| | ) | |
| Defendant. | ) | |

On February 21, 2012, pursuant to a plea agreement [D.E. 19], Lonnie Clark Duff ("Duff") pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). See [D.E. 18, 19]. On June 28, 2012, the court held Duff's sentencing hearing. See [D.E. 27]. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Duff's total offense level to be 23, his criminal history category to be III, and his advisory guideline range to be 120 months. See [D.E. 27]. Pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the court then granted the government's motion for a downward departure. See id.; [D.E. 23]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Duff to 71 months' imprisonment. See [D.E. 27]. Duff did not appeal.

On November 14, 2014, Duff filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 30]. Duff's new advisory guideline range is 46 to 57 months' imprisonment based on a total offense level of 21 and a criminal history category of III. See Resentencing Report. Duff requests a 57-month sentence. See id.

The court has discretion to reduce Duff's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam)

(unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Duff's sentence, the court finds that Duff engaged in serious criminal conduct involving methamphetamine. See Presentence Investigation Report ("PSR") [D.E. 20] ¶¶ 3–5. Furthermore, Duff has a criminal history that includes convictions for attempted possession of stolen goods, trafficking in methamphetamine, and second degree trespass. See id. ¶¶ 7–9. Moreover, while incarcerated on his federal sentence, Duff has been sanctioned for possessing a non-hazardous tool. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nonetheless, Duff also has engaged in some positive behavior while incarcerated. See [D.E. 31] 5–8.

Having reviewed the entire record and all relevant policy statements, the court finds that Duff received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Duff's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Duff's serious criminal conduct and serious criminal history do not support reducing Duff's sentence. Thus, the court denies Duff's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Duff's motion for reduction of sentence [D.E. 30] is DENIED.

SO ORDERED. This _29_ day of June 2016.

JAMES C. DEVER III
Chief United States District Judge